IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERY MARK PEREZ,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:04-CR-482-TC |

This matter comes before the court on Jeffery Mark Perez's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Under 18 U.S.C. § 3582(c)(2). According to 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment once it has been imposed if the defendant's original sentence was based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission. Here, Mr. Perez seeks a reduction in his sentence based on the Sentencing Commission's recent amendment to United States Sentencing Guideline § 1B1.10, which allows for retroactive reduction of a term of imprisonment for a prisoner who was convicted of a crack cocaine offense.

Mr. Perez is a federal prisoner currently serving a sentence of 120 months of incarceration. He received that sentence after pleading guilty to four counts in the Indictment, including possession with intent to distribute cocaine base (crack cocaine). That conviction makes him potentially eligible for a sentence reduction. But because the amount of crack cocaine in Mr. Perez's possession was very small, and because he also pleaded guilty to

possession of cocaine and methamphetamine, the court finds, under 18 U.S.C. §§ 3553 and 3582, that he is not eligible for the sentence reduction. Accordingly, his motion is DENIED.

## ANALYSIS

Mr. Perez pleaded guilty to four counts in the Indictment: (1) possession with intent to distribute cocaine base (crack cocaine); (2) possession with intent to distribute methamphetamine; (3) possession with intent to distribute cocaine; and (4) possession of a firearm by a convicted felon. When Mr. Perez was arrested, he was in possession of 4.3 grams of cocaine base ("crack" cocaine), 22.3 grams of cocaine, and 10.1 grams of "actual methamphetamine."

The drug quantities are a factor in determining a person's sentence. When two or more substances are possessed, the quantity of each drug must be converted to its "marijuana equivalency," and then those numbers are added together to determine the "base offense" level under the United States Sentencing Guidelines. See Cmt. to U.S. Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1(c), Application Note 10(D)(i) ("Determining Base Offense Level in Offenses Involving Cocaine Base and Other Controlled Substances") (May 1, 2008 Supp.). In Mr. Perez's case, the original "marijuana equivalency" of the three drugs in his possession was 292.46 kilograms of marijuana. See id. Application Note 10(E) (Drug Equivalency Table). That drug amount resulted in an original base offense level of 26. See U.S.S.G. § 2D1.1(c)(7) (May 1, 2008 Supp.).

With some exceptions, the crack cocaine sentencing guideline amendment allows for a two-point reduction in the base offense level, which would result in a lower sentencing guideline range, and, consequently, a lesser sentence. See U.S.S.G. § 1B1.10(c), App. C, Amend. 706.

Because Mr. Perez's original base offense level was 26, the two-point reduction would reduce Mr. Perez's base offense level to 24. But Mr. Perez's situation falls into one of the exceptions to the sentence reduction.

Specifically, in the United States Sentencing Commission's Commentary to the Drug Quantity Table in the U.S.S.G. (where the amount of drugs is matched to a base offense level), the Application Notes provide the following guide for determining the base offense level for an offense involving cocaine base and other controlled substances:

>   (i)   <u>In General</u>. — <u>Except as provided in subdivision (ii)</u>, if the offense involves cocaine base ("crack") and one or more other controlled substance, determine the combined offense level as provided by subdivision (B) of this note, and reduce the combined offense level by 2 levels.
>
>   (ii)  <u>Exceptions to 2-level Reduction</u>. — <u>The 2-level reduction</u> provided in subdivision (i) <u>shall not apply</u> in a case in which:
>
>         (I)   the offense involved 4.5 kg or more, or less than 250 mg, of cocaine base; <u>or</u>
>
>         (II)  <u>the 2-level reduction results in a combined offense level that is less than the combined offense level that would apply under subdivision (B) of this note if the offense involved only the other controlled substance(s) (i.e., the controlled substance(s) other than cocaine base)</u>.

Comm. to U.S.S.G. § 2D1.1(c) (Drug Quantity Table), Application Note 10(D) (Use of Drug Equivalency Tables) (May 1, 2008 Supp.) (emphasis added).

In Mr. Perez's case, the marijuana equivalency of the cocaine and methamphetamine (without the crack cocaine) is 288 kilograms. That number still falls within Offense Level 26 (applicable to marijuana in quantities ranging from 100 to 400 kilograms). In other words, Mr. Perez's reduced offense level (24) would be less than the combined offense level for the other

controlled substances (26). Consequently, the two-level reduction does not apply here. As the United States noted in its opposition brief, Mr. Perez's 120-month sentence "was driven by a drug other than crack cocaine." (Gov't's Response to Def.'s Petition for Resentencing (Dkt # 34) at 2.)

Congress had mandated that a defendant's sentence may be reduced only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Given the above exception to the 2-level reduction, a reduction in Mr. Perez's sentence would be inconsistent with Sentencing Commission policy statements.

## ORDER

For the foregoing reasons, Jeffery Mark Perez's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Under 18 U.S.C. § 3582(c)(2) (Dkt # 28) is DENIED.

DATED this 15th day of July, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge